FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 15, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROCKWOOD RETIREMENT COMMUNITIES, on behalf of itself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INSINKERATOR and EMERSON ELECTRIC COMPANY,<br><br>Defendants. | No.   2:15-CV-0346-SMJ<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

This case arises out of the structural failure of an instant hot water filtration system manufactured by Defendants. Plaintiff purchased these filtration systems for use in Plaintiff's retirement communities. ECF No. 1 at 2. On January 3, 2015, one of these units failed and leaked water throughout the first floor of the residence in which it was installed and into the floor below. Plaintiff alleges that it suffered at least $25,000 in damages as a result of this failure.

Before the Court, without oral argument, is Defendants' Motion to Dismiss, ECF No. 18.  In it, Defendants ask the Court to dismiss each of the 7 claims alleged in the complaint. The Court denies the motion for the reasons detailed below.

ORDER **-** 1

## I. Standard of Review

To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint contains well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679.

## II. Breach of express warranty

Defendants argue that Plaintiff has failed to state a claim for breach of the express warranty because Plaintiff has not alleged facts showing that the product failed and Defendants refused to repair or replace within the 1-year warranty period. ECF No. 18 a 6-10. Plaintiff responds that it can make out a claim for breach of the express warranty if the product contains a defect that renders it substantially likely to malfunction within its useful life. ECF No. 25 at 7-11 (citing *Hicks v. Kaufman and Broad Home Corp.*, 89 Cal.App.4th 908, 45 UCC Rep.Serv.2d 131 (2001)).

In *Hicks*, a group of homeowners brought suit against a developer and general contractor for the cost of repairing or replacing defective concrete foundations under their homes. *Hicks*, 89 Cal.App.4th at 911-12. The defendants had expressly warranted that its homes "will be free from any defect resulting in or causing tangible damage to the foundation of the home which materially diminishes the

structural integrity and load bearing performance of the home for a period of ten (10) years." *Hicks*, 89 Cal.App.4th at 917. The homeowners argued that to prove breach of the express warranty they only needed to prove Fibermesh is an inherently defective product the use of which is substantially certain to lead to foundation failure. *Hicks*, 89 Cal.App.4th at 917. The Court agreed.

> We conclude, therefore, if plaintiffs prove their foundations contain an inherent defect which is substantially certain to result in malfunction during the useful life of the product they have established a breach of Kaufman's express and implied warranties. It is not necessary for each individual homeowner to prove his foundation has already cracked or split or that he has suffered property damage as a result of the cracking or splitting. We see no reason why a homeowner should have to wait for the inevitable injuries to occur before recovering damages to repair the defect and prevent the injuries from occurring.

*Hicks*, 89 Cal.App.4th at 922-23.

Rockwood argues that, like the plaintiff in *Hicks*, if it can prove the filter cartridges contain an inherent defect which is substantially certain to result in malfunction during the useful life of the product they have established a breach of the Defendants' express warranty. The Court agrees and declines to dismiss this claim at this stage of the litigation.

**III.   Breach of implied warranty**

In its response, Rockwood acknowledges that it has not alleged a claim for breach of implied warranty and withdraws this claim. Accordingly, it is dismissed.

ORDER - 3

**IV. Common law fraud & negligent misrepresentation**

Defendant argues that these claims fail because they are subject to Rule 9(b) and Plaintiff failed to identify the person who made the misrepresentations, the content of the misrepresentations, when the misrepresentation was made, why it was made, and how it was made.

This argument fails. The allegations in the complaint give Defendants ample notice of the bases of the claims and therefore satisfy Rule 9(b). *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) ("allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong"). The claims are based on the representations made by Defendants to purchasers of their filter cartridges that the cartridges would be "free from defects" and that the cartridges met Standard 42 and would last at least 100,000 use cycles. ECF No. 1 at 10, 15. These representations were made in documents containing the name and logos of both Defendants—the limited warranty and the product sheet—at the time of purchase. ECF No. 25-1 at 2. Plaintiff alleged that these statements were made to induce it and other consumers to purchase the filter cartridge. ECF No. 1 at ¶¶ 5, 67. Rockwood has satisfied Rule 9(b).

## V. Unjust enrichment

Defendants argue that Plaintiff's unjust enrichment claim cannot stand in the face of an express contract between the parties (i.e., the limited warranty). ECF No. 18 at 16-17. Unjust enrichment is an equitable theory that invokes and implied contract when the parties either have no express contract or have abrogated it. *Vernon v. Qwest Communications Intern.*, 643 F.Supp.2d 1256, 1266 (W.D. Wash. 2009).

The Court disagrees for two reasons. Rule 8(d)(2) permits pleading in the alternative and the cases on which Defendants rely deal with dismissal at the summary judgment stage. *Vernon*, 643 F.Supp.2d at 1266-67 (refusing to dismiss an unjust enrichment claim under similar circumstances for these reasons, among others). In light of these two facts, the Court concludes that dismissal at this stage is inappropriate.

## VI. Washington Consumer Protection Act (WCPA)

Defendant argues that the WCPA claim must fail because it is subject to Rule 9(b)'s heightened pleading standards and cannot meet them.

Rockwood argues that the WCPA claim is not subject to Rule 9(b) but that even if it were, it satisfies Rule 9(b). It is unnecessary to determine whether the WCPA claim is subject to Rule 9(b) because the Court concludes that the allegations in the complaint satisfy it as discussed above.

ORDER - 5

### VII. Wisconsin Deceptive Trade Practices Act (WDTPA)

Defendant argues that the WDTPA claim must fail because Plaintiff did not allege that Defendants made an affirmative deceptive statement.

While Plaintiff alleged omissions as the basis for some of its claims, it is clear that it also alleged that Defendants represented that its products would be "free of defects" and withstand 100,000 use cycles. These are affirmative statements sufficient to support a claim under the DTPA. Accordingly, the WDTPA claim survives.

Accordingly, **IT IS HEREBY ORDERED**: Defendant's Motion to Dismiss, **ECF No. 18**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 15th day of June 2016.

_____
SALVADOR MENDOZA, JR.
United States District Judge