FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 21, 2017

SEAN F. McAVOY, CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| ROCKWOOD RETIREMENT COMMUNITIES, on behalf of itself and all others similarly situated, | Case No.    2:15-CV-0346-SMJ |
| Plaintiff, | CLASS ACTION |
| v. | **STIPULATED PROTECTIVE ORDER** |
| INSINKERATOR and EMERSON ELECTRIC COMPANY, | |
| Defendants. | |

GOOD CAUSE APPEARING THEREFOR, in light of the Stipulation for Entry of Protective Order by and between Plaintiff Rockwood Retirement Communities ("Plaintiff") and Defendants InSinkErator and Emerson Electric Company ("Defendants"), the Court enters this Protective Order in regard to certain discovery material to be made available by Defendants, Defendants' parent company and its affiliates, Plaintiff, and/or third parties. This discovery material includes trade secrets and confidential, proprietary and non-public documents and information, the public disclosure of which could be detrimental to the interests of Defendants and/or related or affiliated corporate entities; documents which may contain information that is personal and confidential to Plaintiff or to third parties, including individuals; and documents and information

STIPULATED
PROTECTIVE ORDER - 1

subject to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation).  The parties have stipulated that the above-described documents and information, including electronically stored information, should be given the protection of an order of this Court to prevent irreparable harm through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.  Documents and materials produced by Defendants' corporate parent company, and its related or affiliated entities, are protected under the terms as if produced by Defendants. This Protective Order shall govern certain documents, written discovery, and testimony obtained by the parties in connection with pre-trial proceedings in this action.

## I.   **DEFINITIONS**

1.   **Disclosure or Discovery Material**:   all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, documents, or tangible things) that are voluntarily exchanged, produced or generated by any Party or non-party in disclosures or responses to discovery in this matter.

2.   **Attorney/Counsel:** outside counsel of record and in-house counsel (i.e. attorneys who are employees of either a party to this action or a party's corporate parent, subsidiaries, affiliates, or suppliers).

3.   "**Defendants**" includes InSinkErator, Emerson Electric Company, their corporate parents, subsidiaries, and affiliates.

4.   **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

5.   **Producing Party:** a Party or non-party that produces Disclosure or Discovery Material in this action.

STIPULATED
PROTECTIVE ORDER - 2

6.      **Designating Party**: a Party or non-party that designates Disclosure or Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

7.      **"Confidential" Material**:    information (regardless of how generated, stored, or maintained) or tangible things that a Designating Party believes in good faith constitutes or embodies matter used by it in or pertaining to its business, which matter is not publicly known and which the Designating Party has not revealed to third parties or has caused third parties to maintain in confidence, and any other information that would qualify as Confidential pursuant to the applicable legal standard.

8.      **"Highly Confidential – Attorneys' Eyes Only" Material:** certain limited "Confidential" material or information that the Designating Party in good faith believes is competitively sensitive and constitutes or contains: (1) technical information such as product design, (2) information within the definition of trade secret provided by state or federal law, (3) formulae or source code, (4) research and development information, (5) customer lists, (6) sales, cost, pricing, or other financial information, (7) plans for strategic business initiatives or marketing plans, or (8) any other information that contains the Designating Party's trade secrets or other confidential research, development, or commercial or financial information of an extremely sensitive nature that may cause significant competitive harm to the Designating Party if disclosed to persons other than those described in Section II, Paragraph 6, below.

9.      **Protected Material**: any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only."

10.     **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who is being used/has been used by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who has

STIPULATED
PROTECTIVE ORDER - 3

been approved to receive Protected Material in accordance with Section III, below.

11.    **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## II.    DESIGNATION    AND    TREATMENT    OF    PROTECTED MATERIALS

1.    In order to facilitate production of documents and other discovery in this matter, any Producing Party may, by written notice, or by a statement on the record at a deposition, designate any Disclosure or Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (hereinafter "Highly Confidential"), under the terms of this Order, including Disclosure or Discovery Material produced before entry of this Order, with the terms of this Order applying.

2.    By designating Disclosure or Discovery Material as "Confidential" or "Highly Confidential," the Designating Party is certifying to the Court that there is a good faith basis in both law and fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).  Confidential Material shall be so designated by clearly labeling, stamping, or otherwise marking the top or bottom of each page of the designated Material with the legend "CONFIDENTIAL" (the "Confidential Legend"), including each page of any electronically produced document.  Highly Confidential Material shall be so designated by clearly labeling, stamping, or otherwise marking the top or bottom of each page of the designated Material with the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (the "Highly Confidential Legend"), including each page of any electronically produced document.  Any

STIPULATED
PROTECTIVE ORDER - 4

such stamp or designation shall not in any manner cover up, overlap upon, obscure or otherwise conceal any text, picture, drawing, graph or other communication or depiction in the document.  In the case of Confidential Information disclosed in a non-paper medium (*e.g.*, videotape, audiotape, computer disks, etc.), the appropriate designation shall be affixed on the outside of the medium or its container, or in the folder or filename of such documents if produced electronically, so as to clearly give notice of the designation.

3.     Any Party or non-party may also designate testimony or exhibits, or portions thereof, given in deposition or pre-trial proceedings as Confidential Material or Highly Confidential Material, by designation in writing, or by orally designating such testimony or exhibits, or portions thereof, during the proceeding. The deposition or court reporter shall be instructed to clearly mark the designated testimony, and each designated exhibit with the Confidential Legend or Highly Confidential Legend, as appropriate.  Alternatively, any Party or non-party may designate testimony or exhibits, or any portion thereof, as Confidential Material or Highly Confidential Material by providing written notice to all parties within twenty-eight (28) calendar days following receipt of the transcript, of those portions of the transcript or exhibits which are to be considered Confidential Material or Highly Confidential Material.  During this period of review, all transcripts will be automatically designated Highly Confidential, labeled as such and accorded all protections for such material.

4.     A Designating Party may designate as "Confidential" or "Highly Confidential" any material produced by a non-party by providing written notice to all parties within twenty-eight (28) calendar days after receiving such material, and providing a copy of the material which the Designating Party has clearly labeled, stamped or otherwise marked with the Confidential Legend or Highly Confidential Legend and the additional words "as designated by [Party]", for

STIPULATED
PROTECTIVE ORDER - 5

example "CONFIDENTIAL as designated by DEFENDANTS." This Stipulated Protective Order shall not limit the ability of any Party or non-party to voluntarily disclose to others any Protected Material that originates from that Party or non-party.

5.     In the event that another Party disagrees with a Designating Party's designation of any document or information as "Confidential" or "Highly Confidential," the objecting Party shall advise counsel for the Designating Party, in writing, of the objection and identify the document or item with sufficient specificity to permit identification. Within fourteen (14) calendar days of receiving the objection, the Designating Party shall advise the objecting Party's counsel whether the Designating Party will change the designation of the document or item. If this cannot be resolved between the parties, then the dispute will be presented to the Court by motion or otherwise. During the pendency of any such motion, the designated document or item shall continue to be treated as a stamped "Confidential" or "Highly Confidential" document and subject to the provisions of this Order. On the hearing of any such motion, the burden shall be on the Designating Party to establish that the designated document or item should be deemed "Confidential" or "Highly Confidential."

6.     Unless otherwise ordered by the Court or permitted in writing by the Designating Party, the Receiving Party may disclose any information or item designated "Confidential" only to "Qualified Persons," who are defined to consist solely of:

a.     The Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

b.     The officers, directors, owners, members, partners, trustees, beneficiaries, and employees of the Receiving Party (including the officers,

STIPULATED
PROTECTIVE ORDER - 6

directors, owners, members, partners, trustees, beneficiaries, and employees of the Receiving Party's corporate parent, related entities, affiliates, and suppliers) or named plaintiff(s), to whom disclosure is reasonably necessary for this litigation;

c.    Experts (as defined in this Stipulated Protective Order) of the Receiving Party who have been approved in accordance with Section III, below, and their administrative support staff, if any, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement And Agreement To Be Bound By Protective Order" (Exhibit A);

d.    The Court and its personnel;

e.    Neutral evaluators, mediators, or arbitrators assigned to the case by the Court or retained for the case by the mutual agreement of the Parties;

f.    Professional Vendors for services such as copying, scanning, or electronic document processing to whom disclosure is reasonably necessary for this litigation;

g.    Court reporters and their staff to whom disclosure is reasonably necessary for this litigation;

h.    During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment And Agreement To Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court; and

i.    Any author or recipient of the document or the original source of the information disclosed in the document.

7.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential" only to those persons listed in Paragraph 6, (a),(c) - (i), above.

STIPULATED
PROTECTIVE ORDER - 7

8.     Protected Material shall not be disclosed or furnished to any person pursuant to paragraphs 6(c) and 6(h) unless that person is informed of this Order and has signed the "Acknowledgement And Agreement To Be Bound By Protective Order," appended hereto as Exhibit A.  It shall be the obligation of counsel providing the information to a Qualified Person to retain a copy of all agreements executed pursuant to this paragraph until fifty-six (56) calendar days following the final termination of this litigation.

9.     Protected Material must be stored and maintained by the Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to Qualified Person(s) as defined by this Order.

10.    The list of Qualified Person(s) to whom Protected Material may be disclosed may be enlarged by written agreement of all counsel of record.  If any Party proposes to expand the list of Qualified Person(s), the parties will meet and confer regarding such proposal.  If the parties are unable to reach agreement, any Party may bring the issue to the Court for resolution.  Pending resolution by the Court, the list of Qualified Person(s) will not be expanded, and no Protected Material may be disclosed to additional person(s).

11.    Nothing in this Stipulated Protective Order shall impose any restrictions upon the use or disclosure by a Party or witness of any document, material, or information obtained by such Party or witness independently of the discovery proceedings in this action, whether or not such document, material, or information is also obtained through discovery proceedings in this action.

12.    Entering into, agreeing to, and/or complying with the terms of this Stipulated Protective Order shall not:

a.     Operate as an admission by any Party that any particular document, material, or information contains or reflects currently valuable trade secrets or proprietary commercial information; or

STIPULATED
PROTECTIVE ORDER - 8

b.    Prejudice in any way the right of a Party to seek a determination by the Court whether any particular document, material, or information should be subject to the terms of this Stipulated Protective Order, such request and determination to be made in accordance with paragraph 5 above; or

c.    Operate as a waiver of any objection of either Party as to the admissibility of a particular document into evidence.  Nothing in this Order shall be construed to require any Party to disclose to any other Party any Protected Material, or to prohibit any Party from refusing to disclose Protected Material to any other Party.

d.    Operate as a waiver of any Party's right to assert claims of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation).

13.    In the event that any Protected Material is demanded from a Receiving Party by way of subpoena, court order, or otherwise, that Receiving Party shall immediately, and in no event more than seven (7) calendar days, notify the Designating Party by telephone and in writing of the demand.  The notice given to the Designating Party shall, in all events, be given before any production or disclosure of Protected Material and shall include a copy of the subpoena or court order so as to allow sufficient time for the Designating Party to challenge or resist such production or disclosure.

14.    If a party is served with a valid discovery request in this action to produce a non-party's confidential information in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the party shall (a) promptly notify in writing the requesting party and the non-party that some or all of the information requested

STIPULATED
PROTECTIVE ORDER - 9

is subject to a confidentiality agreement with the non-party; (b) promptly provide the non-party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and (c) upon request of the non-party, allow the non-party to inspect the information being sought in discovery.  If the non-party fails to object or seek a protective order from this Court within twenty-one (21) calendar days of receiving the notice and accompanying information, the receiving party may produce the non-party's confidential information responsive to the discovery request. If the non-party timely objects or seeks a protective order, the receiving party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the Court. Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection from the Court of its confidential information.

15.    No "Confidential" or "Highly Confidential" document(s) shall be filed with the Court unless counsel secures a Court Order allowing leave of court to file under seal, in accordance with the Eastern District of Washington's Procedures for the Filing of Sealed and Ex Parte Documents For Civil Cases (available                                                                                      at http://www.waed.uscourts.gov/sites/default/files/u90/sealed_handout_civil.pdf). An application to file a document under seal shall be served on opposing counsel, and on the person or entity who has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.   The Designating Party shall provide the party applying for a Court Order to file a "Confidential" or "Highly Confidential" document(s) under seal with the relevant

STIPULATED
PROTECTIVE ORDER - 10

legal basis designating such document(s) "Confidential" or "Highly Confidential" within seven (7) calendar days of a written request by the party applying for the Order to seal.

16.    The foregoing is without prejudice to the right of any Party: (a) to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a further protective order relating to any Protected Material or relating to any discovery in this litigation; (b) to object to the production of documents it considers not subject to discovery; (c) to apply to the Court for an order compelling production of documents or modification of this Order or for any order permitting disclosure of Protected Material beyond the terms of this Order; or (d) to apply to the Court for an order deeming Disclosure or Discovery Material not "Confidential" or "Highly Confidential."

17.    If a Producing Party inadvertently or unintentionally produces to a Receiving Party any documents or information subject to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation), the Producing Party shall, within fourteen (14) calendar days of the discovery of the inadvertent production, give notice to the Receiving Party in writing of the Producing Party's claim of privilege or immunity from discovery. Thereafter, the Receiving Party shall immediately return to the Producing Party the original and all copies of the restricted materials, including copies of the restricted materials disseminated to other persons by the Receiving Party.  The Receiving Party will be deemed to have notice that material is restricted if the Party reasonably should recognize the material is privileged or protected from discovery, or upon written notice by the Producing Party.  Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the Producing Party's claim of privilege or immunity from discovery either as to

STIPULATED
PROTECTIVE ORDER - 11

specific documents and information disclosed or on the same or related subject matter.  In the event that the Receiving Party disagrees with the Producing Party's claim of privilege or immunity from discovery, then the Receiving Party shall notify the Producing Party within seven (7) calendar days of receipt of the Producing Party's written notice of claim of privilege, and shall set forth the precise grounds upon which the Receiving Party's position rests.  If the parties cannot resolve the matter, then the dispute will be presented to the Court by motion or otherwise.  During the pendency of any such motion, the Receiving Party shall not copy, distribute, or otherwise use in any manner the disputed documents or information, and shall instruct all persons to whom the Receiving Party has disseminated a copy of the documents or information that the documents or information are subject to this Order and may not be copied, distributed, or otherwise used pending the motion and further notice from the Court.

18.    If a Producing Party inadvertently or unintentionally produces to a Receiving Party any document or information that the Producing Party failed to designate as "Confidential" or "Highly Confidential," the Producing Party shall, within twenty-eight (28) calendar days of the discovery of the inadvertent production, give notice to the Receiving Party in accordance with the procedure above for reclaiming inadvertently produced privileged documents.  The retrieving Party shall re-produce such documents or material, designating them "Confidential" or "Highly Confidential" as described in paragraph 1 above, as soon as possible after retrieval and no later than fourteen (14) calendar days after retrieval.  As used in this Order, an act is "timely" if it does not unduly prejudice another Party.

19.    If the Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party shall immediately notify in

STIPULATED
PROTECTIVE ORDER - 12

writing the Designating Party of the unauthorized disclosure and use its best efforts to retrieve all copies of the Protected Materials. The Receiving Party shall inform the person or persons to whom the unauthorized disclosures were made of the terms of this Order and request that such person or persons execute the "Acknowledgement And Agreement To Be Bound" (Exhibit A) to maintain the protections for material that was improperly disclosed.

20. All Disclosure or Discovery Materials shall be used solely for the purpose of this litigation. Except by consent of the Producing Party or order of the Court, such discovery materials shall not be used by any Party other than the Producing Party for any outside purpose, including, without limitation, any outside business or outside commercial purpose. No duplications of documents stamped "Confidential" or "Highly Confidential" shall be made except by counsel to provide working copies and for filing in Court under seal.

21. The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in Court or in other settings that might reveal Protected Material. All notes, memoranda, reports and other written communications that reveal or discuss information contained in Protected Materials shall be given the same protections under this Order as though they were designated Protected Materials.

22. The provisions of this Order shall not terminate at the conclusion of this lawsuit. Within fifty-six (56) calendar days after final conclusion of all aspects of this litigation, documents stamped "Confidential" or "Highly Confidential," and all copies of same (other than exhibits of record) either shall be destroyed or returned to the Producing Party. In the event that documents stamped "Confidential" or "Highly Confidential" are produced in electronic form,

STIPULATED
PROTECTIVE ORDER - 13

or are put into electronic form by the Receiving Party with the consent of the Producing Party, then the Receiving Party shall delete all electronic copies of stamped confidential documents from all computer systems, disks, and other electronic medium and devices. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Party who produced the documents not more than 119 calendar days after final termination of this litigation.

23.    The final determination or settlement of this action as to any or all parties shall not relieve any person who has received Protected Material from the obligations imposed by this Order, and this Court shall retain jurisdiction after such final determination or settlement to enforce the provisions of this Order. All persons subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

24.    The Court may modify this Order for good cause, in the interests of justice or for public policy reasons on its own initiative.

## III.    EXPERTS AND CONSULTANTS

Prior to disclosing any Protected Material to any outside experts or consultants used in connection with this litigation, such outside expert or consultant must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A) and abide by the Protective Order's terms. Moreover, a party engaging the services of an outside expert or consultant must notify the Producing Party of the following information: (i) the name of the person; (ii) the present employer and title of the person; (iii) an up-to-date curriculum vitae of the person; (iv) a listing of consulting projects undertaken by the expert or consultant within the last four (4) years; and (v) an executed copy of the "Agreement to Be Bound by Protective Order" (Exhibit A); and (vi) a current certification that the expert or consultant is not a current officer, director, contractor or employee of a Party or

STIPULATED
PROTECTIVE ORDER - 14

of a competitor of a Party, nor anticipated at the time of the certification to become an officer, director, contractor, or employee of a Party or a competitor of a Party.

1.    Within seven (7) calendar days of receipt of the information described in the paragraph above, the Producing Party may object in writing to the proposed outside expert or consultant for good cause.  In the absence of an objection during the seven-day period, the person shall be deemed approved under this Stipulated Protective Order.  If objection to disclosure is made within the time required, the parties shall meet and confer via telephone or in person within seven (7) calendar days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) calendar days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the expert or consultant in question until the objection is resolved by the Court.

2.    For purposes of this section, "good cause" shall include, but not necessarily be limited to, an objectively reasonable concern that the expert or consultant, or someone associated therewith, will, advertently or inadvertently, use or disclose confidential information outside of this litigation, or constitute an unreasonable risk thereof.  Experts or consultants authorized to receive Protected Material under this section shall not be a current officer, director, contractor, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, contractor, or employee of a Party or a competitor of a Party.

3.    The parties agree that the terms of Section III are subject to revision as this litigation proceeds.  The parties shall meet and confer in good faith as to

STIPULATED
PROTECTIVE ORDER - 15

any proposed revision(s) in this Section.  Any revisions to this Order shall be effective only upon entry by the Court of a modified stipulated protective order.

IT IS SO ORDERED.

Dated:        February 21, 2017.        _____

SALVADOR MENDOZA, JR.

United States District Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT
TO BE BOUND BY PROTECTIVE ORDER**

I, _____, with an address of

_____, declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order

issued by the United States District Court for the Eastern District of Washington

on _____, 2016, in the case captioned *Rockwood Retirement*

*Communities v. InSinkErator and Emerson Electric Company*, 2:15-cv-00346.

I agree to comply with and to be bound by all the terms of the Stipulated

Protective Order, and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt of court.

I will not utilize any stamped confidential document or other information

subject to the Protective Order for any purpose other than this litigation.  I further

affirm that I will not reveal the confidential information to, nor discuss it with,

anyone, except in accordance with the terms of the Protective Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Eastern District of Washington for the purpose of enforcing the

terms of this Stipulated Protective Order, even if such enforcement proceedings

occur after termination of this action.

At the termination of this litigation, I will return all documents marked

"Confidential," "Highly Confidential – Attorneys' Eyes Only," as well as any

copies, summaries or abstracts of them, and documents related to them or created

from them, whether in hard copy, electronic, or digitized format, to the attorney

providing confidential materials to me.

I hereby appoint [NAME] of [FIRM NAME AND ADDRESS] as my agent

for service of process in connection with this action or any proceedings related to

STIPULATED
PROTECTIVE ORDER - 17

1   enforcement of this Stipulated Protective Order.

2

3   Executed on _____, 201__, at [CITY AND STATE].

4

5   Signature: _____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED
PROTECTIVE ORDER - 18